**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
CRISTINA A. PHIPPS, ESQ. (#16440)
3005 W. Horizon Ridge Pkwy, #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com
Taylor@lagomarsinolaw.com
Cristina@lagomarsinolaw.com
*Attorneys for Plaintiff Carlos Alvarado*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS ALVARADO, an individual<br><br>Plaintiff<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT a political subdivision of the State of Nevada; OFFICER C. HUNT, individually; OFFICER A. MONTALBANO, individually<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT**<br>**WITH JURY DEMAND** |

COMES NOW Plaintiff, by and through his undersigned attorneys, and hereby submits the following Complaint.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343, as an action arising under the laws and Constitution of the United States. This court has jurisdiction over Plaintiff's supplemental state-law claims under 28 U.S.C. § 1367(a).

2. Personal jurisdiction and venue are appropriate in this Court since Defendant conducts its affairs in this district and the unlawful conduct complained of herein occurred in this district.

**IDENTIFICATION OF PARTIES**

3. All times relevant herein, Plaintiff CARLOS ALVARADO ("ALVARADO") was, and is, over the age of eighteen (18) years and a citizen of Clark County, Nevada.

4. At all times relevant herein, Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT (hereinafter "LVMPD") was, and is, a political subdivision of the State of Nevada and located at 3708 South Las Vegas Boulevard, Las Vegas, Nevada 89109. Defendant LVMPD is a law enforcement agency in Clark County, Nevada. Defendant LVMPD is responsible for the training, hiring, control, and supervision of all its officers and agents as well as the implementation and maintenance of official and unofficial policies.

5. At all times relevant herein, Defendant LVMPD employed Defendants C. HUNT and A. MONTALBANO.

6. At all times relevant herein, and upon information and belief, defendant OFFICER C. HUNT, P# 19215 (hereinafter "HUNT'), was, and is, over the age of eighteen (18) years and a citizen of Clark County, Nevada.

7. At all times relevant herein, and at all times relevant herein, defendant OFFICER A. MONTALBANO, P# 16301 (hereinafter "MONTALBANO"), was, and is, over the age of eighteen (18) years and a citizen of Clark County, Nevada.

**FACTUAL ALLEGATIONS**

8. Paragraphs 1 through 7 are specifically included and incorporated as though fully set forth herein.

9. At the time of the incident described herein, ALVARADO was working as a CDL Class A Uber driver in and around Las Vegas, Nevada.

10. Driving gigs such as Uber were ALVARADO's main source of income.

11. At the time, ALVARADO drove a 2021 White Chevrolet Suburban C1500 RST.

12. On the night of February 17, 2023, ALVARADO was working for Uber in and around the Las Vegas Strip.

13. Around 10:00 pm on February 17, 2023, ALVARADO dropped a guest off at The Cosmopolitan Hotel and Casino by the East garage.

14. Once the guest exited ALVARADO'S vehicle, ALVARADO accepted another ride.

15. ALVARADO's exit was via a private drive between The Cosmopolitan and The Bellagio.

16. ALVARADO was stopped at a red light at the exit of this private drive.

17. While ALVARADO was stopped, numerous pedestrians were crossing the street.

18. While the pedestrians were crossing, an individual wearing a crossing guard vest jumped in front of ALVARADO's car.

19. ALVARADO backed his vehicle up slightly and moved towards the right in order to put distance between his vehicle and the individual.

20. ALVARADO then addressed the individual from his window and told the man to "watch out" because the man was so close to ALVARADO's car.

21. Upon information and belief, LVMPD marked patrol unit "7M80B" was a short distance away when the interaction happened between the man and ALVARADO.

22. The LVMPD marked patrol unit "7M80B" pulled up behind ALVARADO. The officers got out of their patrol car and walked up to ALVARADO.

23. At 10:12 pm, Defendants MONTALBANO and HUNT (hereinafter the "Officer Defendants") told ALVARADO to get out of his vehicle.

24. ALVARADO complied and exited his vehicle.

25. Defendants HUNT and MONTALBANO then conducted a field sobriety test on ALVARADO.

26. Defendants HUNT and MONTALBANO failed ALVARADO on the basis that he was 'not following instructions.' However, ALVARADO was compliant with the instructions he received.

27. Defendant MONTALBANO proceeded to submit a warrant application to take blood from ALVARADO in order to complete a toxicology screen.

28. ALVARADO asked both Officer Defendants if he could take a breathalyzer instead of waiting for approval of a blood draw.

29. Both Officer Defendants denied this request.

30. The warrant was approved, and the Officer Defendants called for the appropriate officials to come and collect a blood sample from ALVARADO.

31. Once the appropriate officials arrived, they took two (2) vials of ALVARADO'S blood on scene.

32. Defendants HUNT and MONTALBANO then took ALVARADO to the Clark County Detention Center ("CCDC").

33. Once ALVARADO arrived at CCDC, two (2) more vials of his blood were drawn.

34. At this time, Defendants HUNT and MONTALBANO informed ALVARADO that he could not work or drive for four (4) months since the results of the blood test would take about four (4) months to come back.

35. Defendants HUNT and MONTALBANO took ALVARADO'S driver's license and did not give it back.

36. ALVARADO was held in CCDC for between fifteen (15) and seventeen (17) hours.

37. Immediately upon release, ALVARADO went to Concentra to do a 10-panel drug screening test on himself.

38. The next day, the results from Concentra came back and showed that ALVARADO did not have any drugs or alcohol in his system.

39. ALVARADO tried calling LVMPD internal affairs to attempt to get his driver's license back.

40. Internal affairs told ALVARADO that he would have to wait four (4) months before he could get his driver's license back.

41. ALVARADO waited for the LVMPD blood results to come back.

42. The blood results eventually come back on May 17, 2023, and showed that ALVARADO had no alcohol or drugs in his system.

43. Ultimately, the charges against ALVARADO were dropped on May 20, 2023.

44. Since ALVARADO is a professional class A driver, he was not able to work for the entire time he was waiting for the LVMPD blood test results.

45. ALVARADO was unable to get a job requiring any form of driving because he was baselessly accused of driving under the influence ("DUI").

46. As a direct result of ALVARADO being unable to work, his vehicle was repossessed due to lack of payments.

47. As a direct result of ALVARADO being unable to work, he lost his home due to lack of payment.

48. ALVARADO became financially destitute.

49. ALVARADO requires professional mental health treatment because of being wrongfully arrested and the fallout from that illegal arrest.

50. At the time this Complaint is being filed, ALVARADO is homeless.

51. At the time this Complaint is being filed, ALVARADO is still unable to obtain a vehicle since the subject incident, leaving him unable to work and perpetuating his circumstances.

## FIRST CAUSE OF ACTION

*Unlawful Seizure in Violation of the Fourth Amendment*

*Plaintiff Against Defendants Hunt and Montalbano (§ 1983)*

52. Plaintiff repeats, re-alleges, and incorporates herein by reference Paragraph 1 through 51, as though fully set forth herein.

53. At the time of the subject incident, Defendants Hunt and Montalbano were acting in the course and scope of their employment with LVMPD.

54. At the time of the subject incident, Defendants Hunt and Montalbano were acting under the color of state law.

55. At the time of the subject incident, Plaintiff's right to be free from unlawful seizure was well-established under the Fourth Amendment of the United States Constitution.

56. Defendants Hunt and Montalbano seized Plaintiff within the meaning of the Fourth Amendment when they directed him out of his car, drew his blood, arrested him, and held him at CCDC.

57. Defendants Hunt and Montalbano intentionally seized Plaintiff as described above.

58. The seizure was unreasonable as Defendants Hunt and Montalbano lacked any reasonable suspicion to support a conclusion that Plaintiff was under the influence of unlawful or illicit substances. The interactions with Plaintiff were recorded on body camera and support the lack of evidence of any impairment whatsoever. Defendants also refused to utilize a breathalyzer test, thus ignoring evidence of lack of impairment.

59. As a direct and proximate result of Defendant Hunt and Montalbano's conduct, Plaintiff suffered lost earnings, both past and future; serious psychological damages; pain and suffering; and significant emotional damage as a result of the humiliation, embarrassment, and overall strife which Defendants' actions caused.

60. Plaintiff has been required to retain an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred herein.

## SECOND CAUSE OF ACTION

*Unlawful Seizure in Violation of Art. 1, § 18 of the Nevada Constitution*

*Plaintiff Against Defendants Hunt and Montalbano*

61. Plaintiff repeats, re-alleges, and incorporates herein by reference paragraph 1 through 60, as though fully set forth herein.

62. Article 1, Section 18 of the Nevada State Constitution mandates the right of Nevada citizens to be free from seizure without probable cause.

63. At the time of the subject incident, Defendants Hunt and Montalbano were acting in the course and scope of their employment with LVMPD.

64. At the time of the subject incident, Plaintiff's right to be free from unlawful seizure was well-established under Article 1, Section 18 of the Nevada Constitution.

65. Defendants Hunt and Montalbano seized Plaintiff within the meaning of Article 1, Section 18 when they directed him out of his car, drew his blood, arrested him, and held him at CCDC.

66. Defendants Hunt and Montalbano intentionally seized Plaintiff as described above.

67. The seizure was unreasonable as Defendants Hunt and Montalbano lacked any reasonable suspicion to support a conclusion that Plaintiff was under the influence of unlawful or illicit substances. The interactions with Plaintiff were recorded on body camera and support the lack of evidence of any impairment whatsoever. Defendants also refused to utilize a breathalyzer test, thus ignoring evidence of lack of impairment.

68. As a direct and proximate result of Defendant Hunt and Montalbano's conduct, Plaintiff suffered lost earnings, both past and future; serious psychological damages; pain and suffering; and significant emotional damage as a result of the humiliation, embarrassment, and overall strife which Defendants'

actions caused.

69. Plaintiff has been required to retain an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred herein.

### THIRD CAUSE OF ACTION

*Unlawful Seizure in Violation of the Fourth Amendment*

*Plaintiff Against Defendant LVMPD (Monell)*

70. Plaintiff repeats, re-alleges, and incorporates herein by reference paragraphs 1 through 69, as though fully set forth herein.

71. At the time of the subject incident, Plaintiff's right to be free from unlawful seizure was well-established under the Fourth Amendment of the United States Constitution.

72. Clark County has a widespread problem with impaired drivers causing car accidents and subsequent injuries.

73. Defendant LVMPD has instituted and enforced an unconstitutional and widespread practice of arresting individuals who are not impaired in an effort to artificially boost the arrests for driving while impaired / under the influence.

74. It is well known and obvious that being arrested can have devastating consequences to the person being arrested, regardless of the outcome of the underlying case on which the arrest is based. Being arrested can result in the loss of work, licensure, and other vocational assets.

75. In Nevada, it is well known that a mere arrest for driving while impaired results in administrative action to take away the license to drive.

76. Plaintiff was a victim of this practice when he was unreasonably seized by Defendants Hunt and Montalbano under the guise of being under the influence.

77. Defendants Hunt and Montalbano arrested Plaintiff pursuant to Defendant LVMPD's unconstitutional practice of arresting non-impaired individuals to artificially boost the arrests for driving while impaired.

78. This policy was the moving force behind Plaintiff's fourth amendment constitutional violation.

79. As a direct and proximate result of this violation, Plaintiff was unable to drive, unable to

work, lost his car, and became unhoused.

80. High level policymakers at LVMPD were and are deliberately indifferent to the known and obvious consequences of its officers' unlawful arrests of drivers for driving while impaired.

81. Despite this, they continue to endorse the practice.

82. As a direct and proximate result of Defendant Hunt and Montalbano's conduct, Plaintiff suffered lost earnings, both past and future; serious psychological damages; pain and suffering; and significant emotional damage as a result of the humiliation, embarrassment, and overall strife which Defendants' actions caused.

83. Plaintiff has been required to retain an attorney to prosecute this matter and is entitled to an award of reasonable attorney's fees and costs incurred herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment in favor of Plaintiff, and against Defendant, as follows:

1. For compensatory damages for past and future lost earnings; pain and suffering; embarrassment and humiliation; and psychological damages;

2. For costs, interest, and attorney's fees incurred in prosecuting this action; and

3. For such other and further relief as the Court may deem just and proper.

DATED this 25th day of June 2024.

LAGOMARSINO LAW

_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorneys for Plaintiff Carlos Alvarado*

**JURY DEMAND**

PLEASE TAKE NOTICE that Plaintiff, by and through his undersigned attorneys, hereby demands a jury trial of all issues in the above-referenced matter.

DATED this 25th day of June 2024.

**LAGOMARSINO LAW**

_____
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
*Attorneys for Plaintiff Carlos Alvarado*